IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAREN KELLY, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 2:23-cv-00183-SGC |
| WALKER COUNTY SHERIFF'S ) | |
| OFFICE, SHERIFF NICK SMITH IN ) | |
| HIS INDIVIDUAL AND OFFICIAL ) | |
| CAPACITY, TJ ARMSTRONG, and ) | |
| INVESTIGATOR CARL CARPENTER, ) | |
| ) | |
| DEFENDANTS. ) | |

## ANSWER

COMES NOW, Sheriff Nick Smith, TJ Armstrong, and Investigator Carl Carpenter Defendants in the above-styled action, and hereby respectfully files this Answer:[1]

**I.    Introduction**

As stated in the contemporaneously filed Motion to Strike, this Introduction is due to be stricken pursuant to Fed. R. Civ. Pro. 12(f).

---

[1] As stated in the contemporaneously filed Motion to Dismiss, the "Walker County Sheriff's Office" is not an entity capable of being sued.

## II. Jurisdiction and Venue

1. Defendants admit that this action arises under the United States Constitution, particularly the First and Fourteenth Amendments, and under federal law; however, Defendants deny that these claims have any merit whatsoever.

2. Defendants admit that jurisdiction is generally proper, but deny that subject matter jurisdiction exists as to any Defendant except Sheriff Smith.

3. Deny.

## III. Parties

4. Admitted, except that Kelly's former employer was Sheriff Smith, in his official capacity.

5. Deny.

6. Defendants admit that Sheriff Smith is the duly elected Sheriff of Walker County, Alabama, and, as such, is a State Official pursuant to the Alabama Constitution of 1901. Defendants admit that Sheriff Smith could only act under color of law vis-à-vis making decisions regarding Plaintiff's employment.

7. Admitted, except that Armstrong's employer is Sheriff Smith, in his official capacity.

8. Admitted, except that Armstrong's employer is Sheriff Smith, in his official capacity.

## IV. Facts

9. Admitted that Plaintiff worked as a Corrections Officer from September 6, 2020, until September 21, 2021.

10. Admitted that Plaintiff returned to work as a part-time Corrections Officer on night shift.

11. Admit.

12. Admit.

13. Defendants admit that one of Plaintiff's supervisors was Lt. Phillips, and that Plaintiff was the Acting Supervisor on night shift.

14. Deny.

15. Defendants admit that Plaintiff began working as the Acting Supervisor on night shift.

16. Admitted that Plaintiff took the Sergeant's test in January 2023, and that passing this test made her eligible to be promoted to Sergeant, pursuant to the provisions of the applicable civil service law.

17. Defendants are without sufficient knowledge or information to form a belief as to the extent of Plaintiff's direct, personal knowledge of Mitchell.

18. Admit.

19. Defendants admit that Mitchell was housed in a cell in a booking area on suicide watch. All other averments in this paragraph are denied.

20. Defendants admit that Mitchell was on suicide watch, and that Plaintiff was made aware of this fact in her role as acting supervisor.

21. Defendants are without sufficient knowledge or information to form a belief as to the extent of Plaintiff's direct, personal interactions with Mitchell.

22. Defendants admit that Mitchell was transported to the hospital, and that he unfortunately died at the hospital. All other averments in this paragraph are denied.

23. Defendants are without sufficient knowledge or information to form a belief as to the truth of this averment.

24. Deny.

25. Deny.

26. Deny.

27. Defendants are without sufficient knowledge or information to form a belief as to the truth of this averment.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of this averment.

29. Defendants are without sufficient knowledge or information to form a belief as to the truth of this averment.

30. Defendants admit that the article was published; it speaks for itself. Defendants specifically deny the admissibility of said article or the truth of the statements contained therein.

31. Defendants admit that the article was published; it speaks for itself. Defendants specifically deny the admissibility of said article or the truth of the statements contained therein.

32. Admit.

33. Deny.

34. Deny.

35. Defendants admit that Plaintiff shared her video with other persons; however, they are without sufficient knowledge or information as to form a belief as to the truth of this averment.

36. Deny. Defendants specifically deny that the video was deleted or recorded over; all video was preserved, as is policy in such incidents.

37. Deny.

38. Defendants admit that stories about Mitchell's death, and Plaintiff's purported videos, began to circulate on social media, and that "people in the community" were "discussing" the situation.

39. Admit.

40. Admit.

41. Admit.

42. Defendants admit that Plaintiff was properly informed that she did not have the right to an attorney in this circumstance.

43. Admit.

44. Admit.

45. Admit.

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Deny.

52. Defendants admit that Carpenter continued to question Plaintiff in order to investigate her breach of multiple policies and procedures.

53. Admit.

54. Admit.

55. Defendants admit that they attempted to investigate the relevant contents of Plaintiff's phone.

56. Defendants admit that they attempted to investigate the relevant contents of Plaintiff's phone.

57. Admit.

58. Admit.

59. Admit.

60. Admit.

61. Admit.

62. Admit.

63. Admit.

64. Admit.

65. Defendants admit that a video purporting to be Plaintiff's video eventually landed in the "mainstream media," in large part because of the false, defamatory, and sensationalist statements made by Plaintiff and her counsel. All other averments in this paragraph are denied.

66. Defendants admit that the article was published; it speaks for itself. Defendants specifically deny the admissibility of said article or the truth of the statements contained therein.

67. Defendants admit that a letter of termination dated February 9, 2023, was hand-delivered to Plaintiff on February 10, 2023. All other averments are denied.

68. Admit.

69. Admit.

70. Defendants admit that Plaintiff's termination was an official act by Sheriff Nick Smith, in his official capacity.

71. Admit.

72. Deny.

73. Deny.

74. Deny.

## GENERAL DENIAL OF CAUSES OF ACTION, DAMAGES, AND REQUEST FOR RELIEF

Pursuant to Fed. R. Civ. Pro. 8(b)(3), Defendants generally deny all allegations contained in the remainder of the Complaint, except the allegation contained in Paragraph 84 that Plaintiff's termination was an official act by Sheriff Smith.

## ENUMERATED AND AFFIRMATIVE DEFENSES

1. Out of an abundance of caution, all allegations not specifically admitted are denied.  Further, an admission of a statement made by Kelly does not signify Defendants' agreement with the substance of the statement or in Kelly's sincerity, nor does any admission act as a waiver of the right to assert additional facts not included in the Complaint.

2. Sheriff Smith is entitled to absolute immunity as to all claims for damages made against him in his official capacity.

3. All Defendants, in their individual capacities, are entitled to qualified immunity.

4. Plaintiff's damages have been caused by an intervening and/or superseding source, and are not fairly traceable to Defendants.

5. Plaintiff would have been terminated even in the absence of the alleged retaliatory motive.

6.Venue is improper in this Division.

7.The Plaintiff's claims for punitive damages violates the Defendants' rights guaranteed by the Constitution of the United States and the Constitution of the State of Alabama, in that they are penal in nature, yet require a burden of proof by Plaintiff which is less than beyond a reasonable doubt.

Respectfully submitted this the 7th day of March, 2023.

**/s/Jamie H. Kidd Frawley**
JAMIE H. KIDD FRAWLEY (HIL067)
Attorney for Defendants
WEBB, MCNEILL, & WALKER, P.C.
P.O. Box 238
Montgomery, AL 36101-0238
(334) 262-1850 - T
(334) 262-1772 - F
jfrawley@wmwfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 7th day of March, 2023, I have electronically filed the foregoing with the Clerk of the Court using the ECF/CM system which will provide a copy to the following:

Jon C. Goldfarb
L. William Smith
Christina M. Malmat
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
*Counsel for Plaintiff*

                                              **s/Jamie H. Kidd Frawley**
                                              OF COUNSEL