IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAREN KELLY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO.: 2:23-cv-183-SGC |
| SHERIFF NICK SMITH, et al., | ) ) ) |
| Defendants. | ) |

## REPORT OF THE PARTIES' PLANNING MEETING

(1)     The following persons participated in a Rule 26(f) conference on April 4, 2023:

Jon C. Goldfarb and L. William Smith, Counsel for Plaintiff Karen Kelly

Jamie H. Kidd Frawley, Counsel for Defendants.

**(2)     Synopsis of the Case:**

     a.     **Plaintiff's position:** Plaintiff brings this action through the First and Fourteenth Amendments of the United States Constitution via 42 U.S.C. § 1983. Plaintiff worked for Defendant as a Correctional Officer and she served as the Acting Sergeant on the night shift starting on December 7, 2022.  Plaintiff primarily worked in Central Control where she could monitor the jail through the cameras. Plaintiff knew of an inmate named Tony Mitchell housed in booking cell number 5.  Plaintiff learned around January 29th that Mitchell had died and conflicting stories of

1

Mitchell's condition when he left the jail began to emerge. Plaintiff reviewed video of Mitchell being removed from the jail in a state of unconsciousness being shoved into a police vehicle, and Plaintiff recorded that video on her cell phone with the permission of her supervisor around January 29th or 30th.

On January 30th Defendant T.J. Armstrong released a statement to the media stating that Mitchell was alert and conscious when he left the jail, and Plaintiff knew that Armstrong's statement was false based on the video. On February 3rd Plaintiff shared her video with a Corrections Officer at another law enforcement agency, because somebody outside of her own employer needed to know the truth of what happened to Mitchell before that video of him vanished. Plaintiff's video quickly began to circulate on social media and people in the community were discussing it.

On February 7th Plaintiff was called into a meeting with Defendants Armstrong, Carl Carpenter and Sheriff Nick Smith and told that a video of Mitchell had been leaked to the public. Plaintiff admitted she had sent the video to a person outside the department because the truth of what happened to Mitchell needed to be known as opposed to the false story told to the media. And Plaintiff stated she would have immediately called the paramedics as opposed to waiting hours to send Mitchell to the hospital. Plaintiff was sent home on February 8th, and on February 9th Plaintiff's video landed in the hands of mainstream media which pointed out the contradiction of what the Sheriff's office said happened to Mitchell and what the

video taken by Plaintiff showed.  The next day Plaintiff received a letter from Nick Smith, the policymaker in the department, terminating Plaintiff.

Defendant's termination of Plaintiff violated the First Amendment because Plaintiff engaged in constitutionally protected speech by publishing the video that was a matter of public concern and speaking to others about it, admitting to her supervisors that she shared the video and stating that she would have called the paramedics as opposed to waiting hours and taking Mitchell in a car to the hospital. Defendant's retaliatory termination of Plaintiff adversely affected protected speech and there is a causal connection between the retaliatory actions and the adverse effect on speech.  Plaintiff spoke as a private citizen on a matter of public concern and she had no private motivation for engaging in this protected speech.  Defendants retaliated against Plaintiff by terminating her, and this termination of Plaintiff was likely to chill the exercise of constitutionally protected speech. Defendants intentionally retaliated against Plaintiff for her engagement in protected activity by taking adverse employment actions against her up to and including terminating her employment. As a result of unlawful retaliation, Plaintiff has suffered damages, including but not limited to severe emotional distress, embarrassment and humiliation, lost employment opportunities, termination of her employment and benefits, and lost wages.

**b.** **Defendants' position:** Defendants deny that Plaintiff's termination violated her First Amendment rights. Defendants deny that the elements of causation and redressability and/or a causal connection as required by 42 U.S.C. § 1983 are present as to T.J. Armstrong and Investigator Carpenter. As to the release of the videos themselves, Defendants deny that Plaintiff acted as a private citizen on a matter of public concern and further assert that the balancing test favors termination. Defendants also state that Plaintiff was not terminated merely because she released the videos in question, but because she committed multiple violations of policies, procedures, and general standards of conduct. Defendants have asserted defenses including absolute immunity as to all claims for damages against Sheriff Smith in his initial capacity; qualified immunity; and various equitable defenses against the recovery of damages.

(3) Initial Disclosures. The parties will exchange the initial disclosures required by Rule 26(a)(1) within 30 days of the entry of the Court's scheduling order, and will supplement as discovery progresses. The disclosures may be exchanged electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

(4) **Discovery Plan.** The parties jointly propose the following discovery plan to the Court but reserve the right to object to discovery when made.[1]

(a) Discovery will be needed on these subjects: Plaintiff's claims and Defendants' defenses.

(b) The discovery period shall commence immediately and shall close on June 17, 2024.

(c) Electronic Discovery. The parties anticipate that this case will require the discovery of extensive electronically stored information (ESI). Any relevant ESI that is produced to the other party will be produced in a searchable .pdf format so as to enable the parties to exchange such relevant information without undue burden or expense, and that video footage will be produced in computer readable format with all original data and/or metadata intact. A requesting party may obtain relevant, non-privileged electronic information in a format other than .pdf or electronic file upon agreement of the parties or upon a showing of substantial need to the Court for such information in that format.

---

[1] The Defendants are named Defendants in *Mitchell v. Smith, et al.*, Civil Action No. 2:23-cv-00182-SGC, which is also pending in the United States District Court for the Northern District of Alabama, and all Counsel in this case have also appeared in the *Mitchell* case. The proposed dates in this case reflect the Parties' preliminary discussions about how to proceed as efficiently as possible in both cases, given the strong likelihood that some of the discovery in these two cases will overlap, as well as the need to avoid scheduling conflicts in the two cases.

(d) Maximum of 40 interrogatories by each party to each party, with responses due 30 days after service unless extended by agreement of the party propounding the requests.

(e) Maximum of 40 requests for production by each party to each party, with responses due 30 days after service unless extended by agreement of the party propounding the requests.

(f) Maximum of 25 requests for admission by each party to each party, with responses due 30 days after service unless extended by agreement of the party propounding the requests.

(g) Maximum of 10 depositions by Plaintiff and a maximum of 10 depositions by Defendants, excluding experts and parties.

(h) Each deposition shall be limited to a maximum of 7 hours.

(i) Reports from retained experts under Rule 26(a)(2) due:

   i. From Plaintiff by November 27, 2023.

   ii. From Defendant by December 24, 2023

(j) Supplementation under Rule 26(e) is due at least 30 days before the end of the discovery period.

   a. Before exchanging confidential information and documents, the parties anticipate requesting an Agreed Protective Order.

**(5) Other Items.**

(a) The parties do not request a conference with the court before the entry of the scheduling order.

(b) The parties request a pretrial conference on or after November 4, 2024.

(c) Plaintiff should be allowed until November 27, 2023 to join additional parties and to amend the pleadings.

(d) Defendants should be allowed until December 17 to join additional parties and to amend the pleadings.

(e) All potentially dispositive motions should be filed by July 7, 2024.

(f) Settlement is not a realistic possibility at this times.

(g) Final lists of trial evidence (both witnesses and exhibits) and designations of witnesses whose testimony will be presented by deposition under Rule 26(a)(3) should be due 30 days prior to trial date.

(h) The case should be ready for trial on December 4, 2024, and at this time is expected to take approximately 5-10 days to try.

(i) Claw Back Agreement: The Parties request entry of the following order pursuant to Fed. R. Evid. 502:

> In the event that either party (the "Discloser") produced material or documents without intending to waive a claim of privilege or

confidentiality, the Discloser does not waive any claim of privilege or confidentiality for purposes of this or any other proceeding if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies the other party (the "Recipient") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient must return the specified material or documents and any copies within ten (10) days of the notification. The Recipient must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

In the event that the Recipient contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient may, following the return and destruction described herein, challenge the privilege claim

through a Motion to Compel or other pleading with the Court. The parties agree that any review of items by the Judge shall be an in-camera review. Should the Recipient not challenge the Discloser's claim of privilege or confidentiality, or should the Court determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in this or any other proceeding (whether arbitration or state or federal court). Nothing contained within this Claw Back Agreement shall be deemed to waive any objections that nay Party may wish to assert under applicable state or federal law.

(j) The parties request entry of the HIPAA Order attached hereto as Exhibit A.

(k) All *in limine* motions should be filed at least fourteen (14) days before the trial.

(l) Pursuant to FRCP Rule 5(b)(2)(E), the parties consent to service by electronic means of pleadings and other papers covered by Rule 5.

(m) The parties agree to send any subpoena to the opposing party five days prior to sending the subpoena to give the opposing party sufficient time to review and object to the subpoena.

**THIS WILL CERTIFY THAT ALL PARTIES HAVE AGREED TO THE ABOVE. THE PARTIES HAVE AGREED FURTHER THAT COUNSEL FOR DEFENDANTS WILL E-FILE THE FOREGOING REPORT OF THE PARTIES' PLANNING MEETING WITH PERMISSION BY PLAINTIFF'S COUNSEL.**

Respectfully submitted this 12th day of April, 2023.

                                    **/s/ Jon C. Goldfarb**
                                    Jon C. Goldfarb
                                    L. William Smith
                                    Christina M. Malmat
                                    Counsel for Plaintiff

**OF COUNSEL**:
WIGGINS, CHILDS, PANTAZIS, FISHER, & GOLDFARB, LLC.
The Kress Building
30119th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500
jcg@wigginschilds.com
wsmith@wigginschilds.com
cmalmat@wigginschilds.com

                                    **/s/ Jamie H. Kidd Frawley**
                                    Jamie H. Kidd Frawley
                                    Counsel for Defendants

**OF COUNSEL:**
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 700
Post Office Box 238
Montgomery, AL 36101-0238
(334) 262-1850 T
(334) 262-1889 F
jfrawley@wmwfirm.com