IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISCTRICT OF ALABAMA
SOUTHERN DIVISION

| KAREN KELLY, | ) | |
|---|---|---|
| PLAINTIFF, | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 2:23-cv-00183-SGC |
| SHERIFF NICK SMITH, TJ ARMSTRONG, AND INVESTIGATOR CARL CARPENTER, | ) | JURY DEMAND |
| DEFENDANTS. | ) | |

## MOTION TO COMPEL

The Plaintiff, Karen Kelly, files a motion to compel the defendants to provide answers to interrogatories and requests for production and to compel the Walker Counter Sheriff's Office to provide documents responsive to her subpoena and requests for production.

### Statement of Parties' Attempt to Resolve Dispute Without Court Intervention

Plaintiff's discovery requests were initially served via email on May 19, 2023. Although the initial email was apparently caught in defense counsel's spam filter, the requests were called to defense counsel's attention on June 26, 2023. (EX A). After sending numerous emails over a period of several months regarding

1

Defendants' failure to provide interrogatory responses and written responses to requests for production in this matter, Plaintiff conferred with defense counsel via telephone on February 22, 2024. Prior to and during that conversation, Plaintiff also raised the issue of outstanding subpoena requests for comparator information from the Walker County Sheriff's Office. (EX A; EX B, subpoena). After that conversation, Plaintiff understood that defense counsel would provide interrogatory responses from the individual defendants and comparator information responsive to Plaintiff's subpoena requests as soon as possible. (EX A). However, to date Plaintiff has not received the promised supplementation.

Plaintiff has received certain documents in the companion case, *Mitchell v. Smith et al*, 2:23-cv-00182-ACA (currently stayed pending the outcome of law enforcement investigations) that are responsive to discovery requests in this matter. The parties have agreed that such documents may be used in both cases. However, because this matter is an employment retaliation case, Plaintiff's interrogatories, requests for production, and subpoena requests seek information and documents that were not requested in the *Mitchell* case – for instance, interrogatories seeking Defendants' articulated reason for terminating Plaintiff's employment, comparator information, and documents regarding potential comparators, as set forth below.

Plaintiff has noticed an initial round of party depositions for the week of April 1, 2024. This case has a discovery deadline of June 17, 2024. Accordingly, Plaintiff

files this motion to compel in order to obtain basic information – interrogatory responses and document production pursuant to subpoena – that she needs to prosecute this case.

### Interrogatories, Requests for Production, and Subpoena Document Requests at Issue in This Motion

The information Plaintiff seeks through this motion is relevant and discoverable. Although the identification of a similarly situated comparator is not a traditional element of a plaintiff's prima facie case in a retaliation case in this Circuit, the Eleventh Circuit has repeatedly noted that the circumstantial evidence necessary to establish triable issues of fact under the *McDonnell Douglas* framework is "flexible and depend[s] on the particular situation." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). A retaliation plaintiff belongs to the protected class of employees who have engaged in protected activity. *See Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 309 (7th Cir. 2012) (requiring plaintiff to show that "he was treated less favorably than some similarly situated employee who did not engage in the statutorily protected activity.") In the First Amendment retaliation context, the Supreme Court has held that comparator evidence is relevant and potentially admissible. *See DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1306 (11th Cir. 2019) (discussing *Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019) and noting that "in *Nieves*, the Supreme Court acknowledged a potential exception when a retaliatory-arrest plaintiff not only establishes the arresting officer's

retaliatory animus but also presents objective evidence that the plaintiff was arrested when people who had committed the same conduct, but who had not engaged in the same sort of protected speech, had not been arrested by that officer.") Accordingly, the information Plaintiff seeks is relevant and discoverable in this action.

**Written Discovery Responses**

Plaintiff moves to compel complete, verified answers to the interrogatories and requests for production she has sent to each of the three named defendants – Carl Carpenter, Nick Smith, and TJ Armstrong. (EX C). Plaintiff's discovery requests were initially served via email on May 19, 2023. Although the initial email was apparently caught in defense counsel's spam filter, the requests were re-forwarded to defense counsel's attention on June 26, 2023. (EX A). Despite having nearly nine months from the second service date to provide written responses, Defendants have failed to do so, necessitating this motion to compel.

The interrogatories include requests asking that Defendants provide their articulated reason(s) for terminating Plaintiff (Interrogatory No. 11 to each Defendant)[1] and the identity of comparators and potential comparators

---

[1] 11. State each and every one of Defendants' articulated reasons for terminating Plaintiff's employment and each and every fact supporting each of these reasons, including identifying each and every rule, policy, or standard that Defendant claims Plaintiff violated and state how Plaintiff violated that rule, policy, or standard.

(Interrogatory No. 13 to each Defendant).² Any objections Defendants might previously have asserted to these interrogatories and requests for production have been waived. Fed. R. Civ. P. 34(b)(2).

### Requests for Production 20, 21, and 22:

Plaintiff also moves to compel production of documents responsive to the following requests for production:

20. Provide the personnel files of any employee who shared videos recorded from the WCSO cameras or who was accused of sharing such videos, along with any and all documents related to their employment, conduct, or performance, including but not limited to their applications, disciplines, write-ups, performance evaluations, work schedules, time records, records showing the dates and times they worked, electronically stored information relating to them, any audio and/or video recordings that relate to them, all documents related to any investigation concerning them and any and all other documents related to their employment, conduct, or performance.

21. For any employee who shared videos recorded from the WCSO cameras as Plaintiff did or who was accused of sharing such videos, provide all documents related to any investigation into the incident, including but not limited to the complete investigative file, all notes, interview transcripts, statements, photographs, videos, recordings, and all documents showing the outcome of the investigation and any disciplinary action, including termination, issued to the employee.

### Subpoena Requests 8, 20, 21, and 22.

---

² 13. Identify by stating the individual's name, dates of employment, job title, job location, and contact information including address, telephone number, and email address for each and every employee from 01/01/2019 to the present who violated any rule, policy, or standard that Defendant claims Plaintiff violated or who had any other issue that Defendant contends contributed to Plaintiff's discipline or termination, and for each person so identified, state what this individual did or failed to do that violated the policy, rule, or standard in question, and what discipline, if any, the individual received.

Finally, Plaintiff moves to compel production of documents responsive to the following subpoena requests which were served on the Walker County Sheriff's Office on May 30th, 2023:

8. Provide all documents relevant to each and every reason(s) for terminating Plaintiff's employment.

20. Provide the personnel files of any employee who recorded videos from the WCSO cameras or who was accused of sharing such videos, along with any and all documents related to their employment, conduct, or performance, including but not limited to their applications, disciplines, write-ups, performance evaluations, work schedules, time records, records showing the dates and times they worked, electronically stored information relating to them, any audio and/or video recordings that relate to them, all documents related to any investigation concerning them and any and all other documents related to their employment, conduct, or performance.

21. For any employee who recorded videos from the WCSO cameras or who was accused of sharing such videos, provide all documents related to any investigation into the incident, including but not limited to the complete investigative file, all notes, interview transcripts, statements, photographs, videos, recordings, and all documents showing the outcome of the investigation and any disciplinary action, including termination, issued to the employee.

Plaintiff respectfully request that the Court grant this motion to compel and enter an order directing Defendants to provide written discovery responses and documents responsive to her requests for production and her subpoena.

> Respectfully submitted,
>
> */s/ L. William Smith*
> Jon C. Goldfarb asb-5401-f58j
> L. William Smith asb-8660-a61s
> Christina M. Malmat asb-1214-y44q
> Counsel for Plaintiff

**OF COUNSEL**:
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this day the 19th of March, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on the date indicated in the timestamp in the caption. The CM/ECF system which will send notification of such filing to all counsel of record.

              */s/ L. William Smith*
              Of Counsel