FILED
2024 Mar-19 PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

# UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

| KAREN KELLY | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:23-CV-00183-AMM |
| NICK SMITH, SHERIFF, ET AL. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Walker County Sheriff's Office, c/o Custodian of Records, 2001 2nd AVE, Jasper, AL 35501

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attachment A.

| Place: L. William Smith, Wiggins Childs Pantazis Fisher & Goldfarb LLC, 301 19th Street North, Birmingham AL 35203 | Date and Time: 06/07/2023 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/24/2023

*CLERK OF COURT*

OR

_____          /s/ L. William Smith
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Jon C. Goldfarb/L. William Smith/Christina M. Malmat , who issues or requests this subpoena, are:
205-314-0500, 301 19th Street North, Birmingham AL 35203, wsmith@wigginschilds.com.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-CV-00183-AMM

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A – WALKER COUNTY SHERIFF'S DEPARTMENT

1. Provide the complete personnel file and employment related documents of Sheriff Nick Smith, along with any and all documents related to his employment, conduct, or performance, including but not limited to his applications, disciplines, write-ups, performance evaluations, work schedules, time records, records showing the dates and times he worked, electronically stored information relating to Sheriff Smith, any audio and/or video recordings that relate to Sheriff Smith, all documents related to any investigation concerning Sheriff Smith and any and all other documents related to his employment, conduct, or performance.

2. Provide the complete personnel file and employment related documents of TJ Armstrong, along with any and all documents related to his employment, conduct, or performance, including but not limited to his applications, disciplines, write-ups, performance evaluations, work schedules, time records, records showing the dates and times he worked, electronically stored information relating to Mr. Armstrong, any audio and/or video recordings that relate to Mr. Armstrong, all documents related to any investigation concerning Mr. Armstrong and any and all other documents related to his employment, conduct, or performance.

3. Provide the complete personnel file and employment related documents of Carl Carpenter, along with any and all documents related to his employment, conduct, or performance, including but not limited to his applications, disciplines, write-ups, performance evaluations, work schedules, time records, records showing the dates and times he worked, electronically stored information relating to Mr. Carpenter, any audio and/or video recordings that relate to Mr. Carpenter, all documents related to any investigation concerning Mr. Carpenter and any and all other documents related to his employment, conduct, or performance.

4. Provide the complete personnel file and employment related documents of Trina Phillips, along with any and all documents related to her employment, conduct, or performance, including but not limited to her applications, disciplines, write-ups, performance evaluations, work schedules, time records, records showing the dates and times she worked, electronically stored information relating to Ms. Phillips, any audio and/or video recordings that relate to Ms. Phillips, all documents related to any investigation concerning Ms. Phillips and any and all other documents related to her employment, conduct, or performance.

5. Provide the complete personnel file and employment related documents of Arcelia Jottie Tidwell, along with any and all documents related to her employment, conduct, or performance, including but not limited to her applications, disciplines, write-ups, performance evaluations, work schedules, time records, records showing the dates and times she worked, electronically stored information relating to Ms. Tidwell, any audio and/or video recordings that relate to Ms. Tidwell, all documents related to any investigation concerning Ms. Tidwell and any and all other documents related to her employment, conduct, or performance.

6. Provide a copy of all documents you reviewed or referenced in responding to Plaintiff's discovery requests to any defendant in this matter.

7. Provide copies of all emails, text, or app messages, voice messages, direct messages on Facebook or any other platform or app, and all other records of communications (including phone records) relevant to the issue of a video or videos of Tony Mitchell circulating on social media prior to Plaintiff's termination, along with all messages relevant to Defendants' actions to determine the source of those videos, along with all texts, emails, or other messages on any platform whatsoever exchanged with anyone who was involved in the events of Plaintiff's termination from February 1st, 2023, to the present.

8. Provide all documents relevant to each and every reason(s) for terminating Plaintiff's employment.

9. Provide copies of all statements, video or audio recordings, or online postings in Defendants' possession or in possession of any current employee of Defendant that are relevant to Plaintiff's claims or defendants' defenses in this case.

10. Provide copies of all emails, text or app messages, instant messages, voice messages, direct messages on Facebook or any other platform or app, all other recorded communications (including phone records), or any other communications relevant to Plaintiff or her claims or Defendants' defenses in this case, including all messages relevant to the issue of a video or videos of Tony Mitchell circulating on social media prior to Plaintiff's termination, along with all messages relevant to Defendants' actions to determine the source of those videos, all messages regarding Plaintiff's termination or potential termination, and all messages regarding Plaintiff or her lawsuit. In responding to this request, please perform an electronic keyword search of all potential custodial accounts including any supervisor, manager, or other individual involved in Plaintiff's termination or in discussions about her potential termination, complaints about Plaintiff, and her lawsuit, or any issues concerning her employment. The search should include but not be limited to your email box and accounts but also the email box and accounts of TJ Armstrong, Carl Carpenter, Trina Phillips, Justin White, Arcelia Jottie Tidwell, and any other employee involved in the decision to terminate Plaintiff. Please produce all emails responsive to the search along with all threaded, forwarded, or related emails, and to the extent that new potential custodian are discovered within the search results, please search those accounts as well and provide responsive emails. Defendants should include in its search any personal cell phones or messaging accounts that were used for work related text messaging and the production should include screenshots.

11. Provide copies of all department policies, procedures, handbooks, or other internal documents (whether or not published to employees such as Plaintiff) that are relevant to the issues surrounding Plaintiff's termination, as well as retaliation, progressive discipline, Defendant's policies and standards, goals or expectations for employees in Plaintiff's position, and termination of employees.

12. Provide a copy of any and all communications of any kind, including memos, letters, emails, and other communications relating to Plaintiff's employment with Defendant, including but not

limited to, communications relating to Plaintiff's job assignments or any alleged disciplinary or performance issues regarding Plaintiff.

13. If you have ever been a party to any legal action or proceeding, either civil or criminal, provide documents showing: (a) The nature of the action or proceeding; (b) The time and place, including court and case numbers; (c) The identity of all parties involved in the matter; (d) The final outcome of the matter.

14. Produce copies of all notes, diaries, logs, journals, letters, email, text messages, calendars, Facebook postings, tweets, or other social media posts or messages that related or refer to the facts in Plaintiff's Complaint, and any facts or defenses raised in the Answer filed by Defendant. If any administrative action, grievance, or complaint has ever been filed against you, please provide all documents relative to each administrative action, grievance, or complaint, including but not limited to documents showing the names of all involved parties; the nature of each action, grievance, or complaint; the agency or body with whom the action, grievance, or complaint was filed, and the dates (time frames if dates unknown) on which it was filed.

15. Provide a copy of all statements, whether written, typed (including provided in email), or verbal provided to the media by you concerning Karen Kelly, Tony Mitchell, Plaintiff's lawsuit, and any investigation into Karen Kelly or a video or videos of Tony Mitchell circulating on social media from January 2023 to the present, along with all previous draft versions of the statement. Provide a copy of all social media postings on any social media site posted by any employee of the WCSO, including but not limited to Sheriff Nick Smith, TJ Armstrong, Carl Carpenter, Justin White, Trina Phillips, and Arcelia Jottie Tidwell, concerning Karen Kelly, Tony Mitchell, Plaintiff's lawsuit, and any investigation into Karen Kelly or Tony Mitchell from January 2023 to the present.

16. Provide all social media postings, including deleted postings, that you have made or "liked" relating to Plaintiff, her termination, or her lawsuit, from the date of her termination to the present date.

17. Provide a copy of all documents reviewed or referenced in responding to any discovery request issued to any defendant in this case.

18. Provide a copy of all recordings including videos depicting Karen Kelly during her employment with Defendant that in any way relate to the decision to terminate her employment.

19. Provide a copy of all warrants, drafted, proposed or issued, related in any way to Plaintiff's cell phone, Sommer Bullard's cell phone, or the cell phone of any other WCSO or Jasper City Police officer from February 2023 to the present, along with all documents and communications related to the warrant.

20. Provide the personnel files of any employee who recorded videos from the WCSO cameras or who was accused of sharing such videos, along with any and all documents related to their

employment, conduct, or performance, including but not limited to their applications, disciplines, write-ups, performance evaluations, work schedules, time records, records showing the dates and times they worked, electronically stored information relating to them, any audio and/or video recordings that relate to them, all documents related to any investigation concerning them and any and all other documents related to their employment, conduct, or performance.

21. For any employee who recorded videos from the WCSO cameras or who was accused of sharing such videos, provide all documents related to any investigation into the incident, including but not limited to the complete investigative file, all notes, interview transcripts, statements, photographs, videos, recordings, and all documents showing the outcome of the investigation and any disciplinary action, including termination, issued to the employee.

22. Provide a copy of any and all copies made from Plaintiff's phone from February 2023 to the present.

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ×

## 70202450000182793163

Copy    Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to an individual at the address at 10:19 am on May 30, 2023 in JASPER, AL 35501.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered
**Delivered, Left with Individual**
JASPER, AL 35501
May 30, 2023, 10:19 am

**Redelivery Scheduled for Next Business Day**
JASPER, AL 35501
May 27, 2023, 7:32 am

**Out for Delivery**
JASPER, AL 35501
May 27, 2023, 7:28 am

**Arrived at Post Office**
JASPER, AL 35501
May 27, 2023, 7:17 am

**Arrived at USPS Regional Facility**
BIRMINGHAM AL DISTRIBUTION CENTER
May 25, 2023, 6:17 pm

Feedback

- Hide Tracking History

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

Text & Email Updates

USPS Tracking Plus®

Product Information

See Less ︿

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**