FILED

2024 Mar-19  PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

KAREN KELLY,               )
                           )
        Plaintiff,      )
                           )      CIVIL ACTION NUMBER:
v.                      )      2:23-CV-00183-SGC
                           )
SHERIFF NICK SMITH, ET AL.,   )
                           )
        Defendants.     )
                           )
                           )

## **Plaintiff's First Discovery Request to Defendant Sheriff Nick Smith**

      Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff propounds these interrogatories and request for production of documents to Defendant and its officers, attorneys, agents, contractors, and employees, having any information or documents which are available to Defendant. These interrogatories and document requests are to be answered separately and severally by Defendant in the manner and form provided by law and rules of this Court.

      Where facts set forth in answers, or portions thereof, are supplied upon information and belief, rather than upon personal knowledge, defendant should so state and specifically identify and describe the source or sources of such information and belief. Should defendant be unable to answer any interrogatory or admission or portion thereof by actual knowledge, or upon information and belief, it shall state in detail its efforts to obtain such knowledge as will enable it to answer said interrogatory or admission or portion thereof.

      Answers to these interrogatories and document requests shall be responsive to the date on which the answers are filled and shall be continuing in character and required the filing of supplement answers if further or difference information on documents relative thereto becomes known before trial. Where knowledge or information of the defendant is requested, such request includes knowledge of its agents, contractors, representatives, and unless privileged, its attorneys.

# DEFINITIONS

A.      As used herein, the definitions for the term "document" means without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations; personal conversations, or meetings; agenda of meetings; notices; records; bids records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts' reports of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

B.      As used herein, the term "oral communications" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

C.      As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association of business entities.

D.      As used herein, the term "you" or "defendant" means the named defendant in this action and the officers, attorneys, agents and employees of such defendant having information available to the defendant within the meaning of Rule 33 (a).

E.      "Identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F.      "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 33 and 34 of the Federal Rules of Civil Procedure.  More particularly, the term "identify" when used with reference to a document includes:

a.     date the document bears, or if none, under the date it was written;

b.     name and address of each person who wrote it or participated in the writing of it;

c.     name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

d.     name and address of each person who received a copy of the document;

e.     description of the document, as for instance, a letter or memorandum;

f.     its present location or custodian of each copy, or if unknown, its last known location or custodian;

g.     if any document is no longer in defendant's possession, or subject to defendant's control state what disposition was made of it, the reason for such deposition, the identity of the person currently having possession or control and the date that possession or control was relinquished by the defendant or any one of them.

When used with reference to an oral communication, "identify" includes:

a.     persons participating in such oral communication;

b.     date, manner (e.g., telephone) and place at which persons participated in or heard the oral communication were located;

c.     a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

d.     name of each person who was present, other than the participants;

e.     substance of the oral communication.

G.     As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

H.     "Personnel Information" shall include date or information which pertains to employees, applicants for employment, persons seeking employment, or former employees, and includes, but is not limited to, information on any individual or aggregate of individuals concerning applicant flow, residence, interviews, tests, evaluations, referrals from referral agencies, length of service, educational level, selection, job assignments, performance, training, qualifications, validation of tests, promotions, health, safety, vacancies, job applications, test results, marital status, race, sex, family status, recruitment, etc.

I.     As used herein, the term "he" or "she" is intended to refer to persons of both sexes regardless of which term is used.

J.     As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior, conduct or performance, including, but not limited to, the following actions: verbal warning, written warning, verbal reprimand, written reprimand, suspension, demotion, placement or probation, fine, etc.

K.     As used herein the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment with the defendant: layoff, discharge, quit, resignation, etc.

L.     As used herein, the term "employee" includes temporary employees hired through a temporary agency.

If you contend a protective order is necessary, please send it over immediately to prevent any delay on production.

**To the extent possible, please produce documents on disc in searchable .pdf form.**


## INTERROGATORIES

1. If you have ever been a party to any legal action or proceeding, either civil or criminal, please state: (a) The nature of the action or proceeding; (b) The time and place, including court and case numbers; (c) The identity of all parties involved in the matter; (d) The final outcome of the matter.

2. Please identify each and every meeting, conversation, or communication you (or anyone on your behalf) have had with anyone, other than your legal

counsel, regarding a video or videos of Tony Mitchell circulating on social media prior to the termination of Plaintiff's employment. Your response should include the following details as to each meeting, conversation, and/or communication: name of each individual participating in the communication, date (or time frame if specific date unknown), subject and/or content discussed, reason for communication, and whether you participated in the communication or someone did so on your behalf. If someone other than you participated in the communication, please provide the name address, and telephone number of the individual(s) and his/her relationship to you.

3. Please describe all actions that you or anyone reporting to you took, prior to the termination of Plaintiff's employment, to identify the source of a video or videos of Tony Mitchell circulating on social media prior to the termination of Plaintiff's employment. This would include identifying all warrants that were obtained and/or served, the officers involved in obtaining or serving those warrants, the subjects or targets of those warrants, and the magistrate or other official who signed such warrants.

4. Identify each and every social media account that you have by stating the social media platform (e.g. Twitter, Facebook, Instagram, Snapchat, TikTok, Parler, etc.) and providing the username, handle, or other identifier by which that account can be located online.

5. State your complete educational history including identifying all schools attended, all degrees obtained, and the dates of such attendance and such degrees.

6. State your complete employment history since age eighteen (18) by stating the name of the employer, address of the employer, the dates of employment, the identities of the person or persons who supervised you, your job title(s), ranks, and duties, and for each job, reason for termination or reason for leaving the position, and for any gaps in employment, state your activities during that time (e.g. school, looking for employment, illness, etc.).

7. Identify each and every disciplinary action or proposed disciplinary action brought against you in any enforcement employment by stating the name of all persons involved in the underlying circumstances, state the specific

allegations of the complaint, identify the agencies and/or individuals who investigated the complaint, and state the outcome of any such investigation.

8. Identify each and every statement or report in any form whatsoever, whether written, audio, video recorded, or other format regarding Plaintiff's termination, and provide the date of the statement, the author of the statement, and state the content of the statement.

9. Identify by stating the person's name, dates of employment, employment history, and contact information including address, telephone number, and email address for each and every person involved in the decisions to discipline Plaintiff and to terminate her employment, and state what involvement each person had in those decisions.

10. Identify by name, dates of employment, job title(s), employment history, and contact information including address, telephone number, and email address for all persons who performed Plaintiff's former duties at any time after her termination to the present, whether on a temporary or permanent basis, and state the date(s) each individual performed those duties.

11. State each and every one of Defendants' articulated reasons for terminating Plaintiff's employment and each and every fact supporting each of these reasons, including identifying each and every rule, policy, or standard that Defendant claims Plaintiff violated and state how Plaintiff violated that rule, policy, or standard.

12. Identify each manager or supervisor who supervised Plaintiff during her employment who had contact with Plaintiff or dealt with issues regarding Plaintiff during her employment by stating that person's name, job title, dates of employment, employment history, and the issues involved.

13. Identify by stating the individual's name, dates of employment, job title, job location, and contact information including address, telephone number, and email address for each and every employee from 01/01/2019 to the present who violated any rule, policy, or standard that Defendant claims Plaintiff violated or who had any other issue that Defendant contends contributed to Plaintiff's discipline or termination, and for each person so identified, state what this individual did or failed to do that violated the policy, rule, or standard in question, and what discipline, if any, the individual received.

14. Identify name, dates of employment, employment history, job title, work location, and contact information included address, telephone number, and email address each and every person who may have knowledge relevant to

Plaintiff's claims or Defendants' defenses, regardless of whether Defendant anticipates relying on this person as a witness in this case, and for each person so identified, state the knowledge that he or she may have.

15. Identify any written or oral statements, audio or video recordings, or online postings that are relevant to Plaintiff's claims or Defendant's defenses in this case, and for each such statement, recording, or posting, state the author of the statement or posting or the subject of the recording, state the substance of the statement, posting, or recording, and state whether the statement, posting, or recording (or a copy thereof) is in Defendant's possession, and if not, identify the custodian of the statement, posting, or recording.

## REQUESTS FOR PRODUCTION

1. Provide a copy of all documents you reviewed or referenced in responding to the above interrogatories.

2. Provide copies of all emails, text, or app messages, voice messages, direct messages on Facebook or any other platform or app, and all other records of communications (including phone records) relevant to the issue of a video or videos of Tony Mitchell circulating on social media prior to Plaintiff's termination, along with all messages relevant to Defendants' actions to determine the source of those videos, along with all texts, emails, or other messages on any platform whatsoever exchanged with anyone who was involved in the events of Plaintiff's termination from February 1st, 2023, to the present.

3. Provide all documents and files relevant to your employment as a law enforcement officer with any agency whether designated as a "personnel file" or other designation, including your complete personnel documents, all internal affairs documents and files, all investigatory documents and files, all documents relating to any complaints, all documents relating to any discipline or proposed discipline, and all other documents and files relevant to your employment, conduct, or performance.

4. Produce all documents relating to your education, your law enforcement training including but not limited to DACOTA training and use of force training, and your professional experience, including copies of all diplomas or certificates you have received and copies of all transcripts from educational institutions or professional training.

5. Provide all documents relevant to each and every reason(s) for terminating Plaintiff's employment.

6. Provide copies of all statements, video or audio recordings, or online postings in Defendants' possession or in possession of any current employee of Defendant that are relevant to Plaintiff's claims or defendants' defenses in this case.

7. Provide copies of all emails, text or app messages, instant messages, voice messages, direct messages on Facebook or any other platform or app, all other recorded communications (including phone records), or any other communications relevant to Plaintiff or her claims or Defendants' defenses in this case, including all messages relevant to the issue of a video or videos of Tony Mitchell circulating on social media prior to Plaintiff's termination, along with all messages relevant to Defendants' actions to determine the source of those videos, all messages regarding Plaintiff's termination or potential termination, and all messages regarding Plaintiff or her lawsuit. In responding to this request, please perform an electronic keyword search of all potential custodial accounts including any supervisor, manager, or other individual involved in Plaintiff's termination or in discussions about her potential termination, complaints about Plaintiff, and her lawsuit, or any issues concerning her employment. **The search should include but not be limited to your email box and accounts but also the email box and accounts of TJ Armstrong, Carl Carpenter, Trina Phillips, Justin White, Arcelia Jottie Tidwell, and any other employee involved in the decision to terminate Plaintiff.** Please produce all emails responsive to the search along with all threaded, forwarded, or related emails, and to the extent that new potential custodian are discovered within the search results, please search those accounts as well and provide responsive emails. Defendants should include in its search any personal cell phones or messaging accounts that were used for work related text messaging and the production should include screenshots.

8. Provide copies of all department policies, procedures, handbooks, or other internal documents (whether or not published to employees such as Plaintiff) that are relevant to the issues surrounding Plaintiff's termination, as well as retaliation, progressive discipline, Defendant's policies and standards, goals or expectations for employees in Plaintiff's position, and termination of employees.

9. Provide a copy of any and all communications of any kind, including memos, letters, emails, and other communications relating to Plaintiff's

employment with Defendant, including but not limited to, communications relating to Plaintiff's job assignments or any alleged disciplinary or performance issues regarding Plaintiff.

10. If you have ever been a party to any legal action or proceeding, either civil or criminal, provide documents showing: (a) The nature of the action or proceeding; (b) The time and place, including court and case numbers; (c) The identity of all parties involved in the matter; (d) The final outcome of the matter.

11. Produce copies of all notes, diaries, logs, journals, letters, email, text messages, calendars, Facebook postings, tweets, or other social media posts or messages that related or refer to the facts in Plaintiff's Complaint, and any facts or defenses raised in the Answer filed by Defendant.

12. If any administrative action, grievance, or complaint has ever been filed against you, please provide all documents relative to each administrative action, grievance, or complaint, including but not limited to documents showing the names of all involved parties; the nature of each action, grievance, or complaint; the agency or body with whom the action, grievance, or complaint was filed, and the dates (time frames if dates unknown) on which it was filed.

13. Provide a copy of all statements, whether written, typed (including provided in email), or verbal provided to the media by you concerning Karen Kelly, Tony Mitchell, Plaintiff's lawsuit, and any investigation into Karen Kelly or a video or videos of Tony Mitchell circulating on social media from January 2023 to the present, along with all previous draft versions of the statement.

14. Provide a copy of all social media postings on any social media site posted by any employee of the WCSO, including but not limited to Sheriff Nick Smith, TJ Armstrong, Carl Carpenter, Justin White, Trina Phillips, and Arcelia Jottie Tidwell, concerning Karen Kelly, Tony Mitchell, Plaintiff's lawsuit, and any investigation into Karen Kelly or Tony Mitchell from January 2023 to the present.

15. Provide all social media postings, including deleted postings, that you have made or "liked" relating to Plaintiff, her termination, or her lawsuit, from the date of her termination to the present date.

16. Provide a copy of all documents you reviewed or referenced in responding to the above interrogatories.

17. Provide a copy of all documents related to any complaint made against you at any law enforcement employment along with any documents related to the investigation of that complaint and the result of that investigation.

18. Provide a copy of all recordings including videos depicting Karen Kelly during her employment with Defendant that in any way relate to the decision to terminate her employment.

19. Provide a copy of all warrants, drafted, proposed or issued, related in any way to Plaintiff's cell phone, Sommer Bullard's cell phone, or the cell phone of any other WCSO or Jasper City Police officer from February 2023 to the present, along with all documents and communications related to the warrant.

20. Provide the personnel files of any employee who shared videos recorded from the WCSO cameras or who was accused of sharing such videos, along with any and all documents related to their employment, conduct, or performance, including but not limited to their applications, disciplines, write-ups, performance evaluations, work schedules, time records, records showing the dates and times they worked, electronically stored information relating to them, any audio and/or video recordings that relate to them, all documents related to any investigation concerning them and any and all other documents related to their employment, conduct, or performance.

21. For any employee who shared videos recorded from the WCSO cameras as Plaintiff did or who was accused of sharing such videos, provide all documents related to any investigation into the incident, including but not limited to the complete investigative file, all notes, interview transcripts, statements, photographs, videos, recordings, and all documents showing the outcome of the investigation and any disciplinary action, including termination, issued to the employee.

22. Provide a copy of any and all copies made from Plaintiff's phone from February 2023 to the present.

23. Provide copies of all documents you or your attorneys obtain as a result of subpoenas issued in this case (and Defendant is reminded of the obligation to provide timely notice prior to the issuance of any subpoena so that the parties may work out any objections).

Respectfully Submitted,

*/s/ L. William Smith*
Jon C. Goldfarb
L. William Smith
Christina M. Malmat
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC
The Kress Building
30119th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been properly served via email to the following counsel of record:

Jamie Helen Kidd Frawley
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 7000 (36104)
Post Office Box 238
Montgomery, AL 36101-0238
(334) 262-1852 T

(334) 262-1889 F
*Attorney for Defendants*

on this 19th day of May, 2023.

/s/ L. William Smith
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KAREN KELLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | **2:23-CV-00183-SGC** |
| | ) | |
| **SHERIFF NICK SMITH, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## Plaintiff's First Discovery Request to Defendant Carpenter

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff propounds these interrogatories and request for production of documents to Defendant and its officers, attorneys, agents, contractors, and employees, having any information or documents which are available to Defendant. These interrogatories and document requests are to be answered separately and severally by Defendant in the manner and form provided by law and rules of this Court.

Where facts set forth in answers, or portions thereof, are supplied upon information and belief, rather than upon personal knowledge, defendant should so state and specifically identify and describe the source or sources of such information and belief. Should defendant be unable to answer any interrogatory or admission or portion thereof by actual knowledge, or upon information and belief, it shall state in detail its efforts to obtain such knowledge as will enable it to answer said interrogatory or admission or portion thereof.

Answers to these interrogatories and document requests shall be responsive to the date on which the answers are filled and shall be continuing in character and required the filing of supplement answers if further or difference information on documents relative thereto becomes known before trial. Where knowledge or information of the defendant is requested, such request includes knowledge of its agents, contractors, representatives, and unless privileged, its attorneys.

# DEFINITIONS

A.      As used herein, the definitions for the term "document" means without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations; personal conversations, or meetings; agenda of meetings; notices; records; bids records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts' reports of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

B.      As used herein, the term "oral communications" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

C.      As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association of business entities.

D.      As used herein, the term "you" or "defendant" means the named defendant in this action and the officers, attorneys, agents and employees of such defendant having information available to the defendant within the meaning of Rule 33 (a).

E.      "Identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F.      "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 33 and 34 of the Federal Rules of Civil Procedure.  More particularly, the term "identify" when used with reference to a document includes:

a. date the document bears, or if none, under the date it was written;

b. name and address of each person who wrote it or participated in the writing of it;

c. name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

d. name and address of each person who received a copy of the document;

e. description of the document, as for instance, a letter or memorandum;

f. its present location or custodian of each copy, or if unknown, its last known location or custodian;

g. if any document is no longer in defendant's possession, or subject to defendant's control state what disposition was made of it, the reason for such deposition, the identity of the person currently having possession or control and the date that possession or control was relinquished by the defendant or any one of them.

When used with reference to an oral communication, "identify" includes:

a. persons participating in such oral communication;

b. date, manner (e.g., telephone) and place at which persons participated in or heard the oral communication were located;

c. a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

d. name of each person who was present, other than the participants;

e. substance of the oral communication.

G. As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

H.    "Personnel Information" shall include date or information which pertains to employees, applicants for employment, persons seeking employment, or former employees, and includes, but is not limited to, information on any individual or aggregate of individuals concerning applicant flow, residence, interviews, tests, evaluations, referrals from referral agencies, length of service, educational level, selection, job assignments, performance, training, qualifications, validation of tests, promotions, health, safety, vacancies, job applications, test results, marital status, race, sex, family status, recruitment, etc.

I.    As used herein, the term "he" or "she" is intended to refer to persons of both sexes regardless of which term is used.

J.    As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior, conduct or performance, including, but not limited to, the following actions: verbal warning, written warning, verbal reprimand, written reprimand, suspension, demotion, placement or probation, fine, etc.

K.    As used herein the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment with the defendant: layoff, discharge, quit, resignation, etc.

L.    As used herein, the term "employee" includes temporary employees hired through a temporary agency.

If you contend a protective order is necessary, please send it over immediately to prevent any delay on production.

**To the extent possible, please produce documents on disc in searchable .pdf form.**

## INTERROGATORIES

1. If you have ever been a party to any legal action or proceeding, either civil or criminal, please state: (a) The nature of the action or proceeding; (b) The time and place, including court and case numbers; (c) The identity of all parties involved in the matter; (d) The final outcome of the matter.

2. Please identify each and every meeting, conversation, or communication you (or anyone on your behalf) have had with anyone, other than your legal

counsel, regarding a video or videos of Tony Mitchell circulating on social media prior to the termination of Plaintiff's employment. Your response should include the following details as to each meeting, conversation, and/or communication: name of each individual participating in the communication, date (or time frame if specific date unknown), subject and/or content discussed, reason for communication, and whether you participated in the communication or someone did so on your behalf. If someone other than you participated in the communication, please provide the name address, and telephone number of the individual(s) and his/her relationship to you.

3. Please describe all actions that you or anyone reporting to you took, prior to the termination of Plaintiff's employment, to identify the source of a video or videos of Tony Mitchell circulating on social media prior to the termination of Plaintiff's employment. This would include identifying all warrants that were obtained and/or served, the officers involved in obtaining or serving those warrants, the subjects or targets of those warrants, and the magistrate or other official who signed such warrants.

4. Identify each and every social media account that you have by stating the social media platform (e.g. Twitter, Facebook, Instagram, Snapchat, TikTok, Parler, etc.) and providing the username, handle, or other identifier by which that account can be located online.

5. State your complete educational history including identifying all schools attended, all degrees obtained, and the dates of such attendance and such degrees.

6. State your complete employment history since age eighteen (18) by stating the name of the employer, address of the employer, the dates of employment, the identities of the person or persons who supervised you, your job title(s), ranks, and duties, and for each job, reason for termination or reason for leaving the position, and for any gaps in employment, state your activities during that time (e.g. school, looking for employment, illness, etc.).

7. Identify each and every disciplinary action or proposed disciplinary action brought against you in any enforcement employment by stating the name of all persons involved in the underlying circumstances, state the specific

allegations of the complaint, identify the agencies and/or individuals who investigated the complaint, and state the outcome of any such investigation.

8. Identify each and every statement or report in any form whatsoever, whether written, audio, video recorded, or other format regarding Plaintiff's termination, and provide the date of the statement, the author of the statement, and state the content of the statement.

9. Identify by stating the person's name, dates of employment, employment history, and contact information including address, telephone number, and email address for each and every person involved in the decisions to discipline Plaintiff and to terminate her employment, and state what involvement each person had in those decisions.

10. Identify by name, dates of employment, job title(s), employment history, and contact information including address, telephone number, and email address for all persons who performed Plaintiff's former duties at any time after her termination to the present, whether on a temporary or permanent basis, and state the date(s) each individual performed those duties.

11. State each and every one of Defendants' articulated reasons for terminating Plaintiff's employment and each and every fact supporting each of these reasons, including identifying each and every rule, policy, or standard that Defendant claims Plaintiff violated and state how Plaintiff violated that rule, policy, or standard.

12. Identify each manager or supervisor who supervised Plaintiff during her employment who had contact with Plaintiff or dealt with issues regarding Plaintiff during her employment by stating that person's name, job title, dates of employment, employment history, and the issues involved.

13. Identify by stating the individual's name, dates of employment, job title, job location, and contact information including address, telephone number, and email address for each and every employee from 01/01/2019 to the present who violated any rule, policy, or standard that Defendant claims Plaintiff violated or who had any other issue that Defendant contends contributed to Plaintiff's discipline or termination, and for each person so identified, state what this individual did or failed to do that violated the policy, rule, or standard in question, and what discipline, if any, the individual received.

14. Identify name, dates of employment, employment history, job title, work location, and contact information included address, telephone number, and email address each and every person who may have knowledge relevant to

Plaintiff's claims or Defendants' defenses, regardless of whether Defendant anticipates relying on this person as a witness in this case, and for each person so identified, state the knowledge that he or she may have.

15. Identify any written or oral statements, audio or video recordings, or online postings that are relevant to Plaintiff's claims or Defendant's defenses in this case, and for each such statement, recording, or posting, state the author of the statement or posting or the subject of the recording, state the substance of the statement, posting, or recording, and state whether the statement, posting, or recording (or a copy thereof) is in Defendant's possession, and if not, identify the custodian of the statement, posting, or recording.

## REQUESTS FOR PRODUCTION

1. Provide a copy of all documents you reviewed or referenced in responding to the above interrogatories.

2. Provide copies of all emails, text, or app messages, voice messages, direct messages on Facebook or any other platform or app, and all other records of communications (including phone records) relevant to the issue of a video or videos of Tony Mitchell circulating on social media prior to Plaintiff's termination, along with all messages relevant to Defendants' actions to determine the source of those videos, along with all texts, emails, or other messages on any platform whatsoever exchanged with anyone who was involved in the events of Plaintiff's termination from February 1st, 2023, to the present.

3. Provide all documents and files relevant to your employment as a law enforcement officer with any agency whether designated as a "personnel file" or other designation, including your complete personnel documents, all internal affairs documents and files, all investigatory documents and files, all documents relating to any complaints, all documents relating to any discipline or proposed discipline, and all other documents and files relevant to your employment, conduct, or performance.

4. Produce all documents relating to your education, your law enforcement training including but not limited to DACOTA training and use of force training, and your professional experience, including copies of all diplomas or certificates you have received and copies of all transcripts from educational institutions or professional training.

5. Provide all documents relevant to each and every reason(s) for terminating Plaintiff's employment.

6. Provide copies of all statements, video or audio recordings, or online postings in Defendants' possession or in possession of any current employee of Defendant that are relevant to Plaintiff's claims or defendants' defenses in this case.

7. Provide copies of all emails, text or app messages, instant messages, voice messages, direct messages on Facebook or any other platform or app, all other recorded communications (including phone records), or any other communications relevant to Plaintiff or her claims or Defendants' defenses in this case, including all messages relevant to the issue of a video or videos of Tony Mitchell circulating on social media prior to Plaintiff's termination, along with all messages relevant to Defendants' actions to determine the source of those videos, all messages regarding Plaintiff's termination or potential termination, and all messages regarding Plaintiff or her lawsuit. In responding to this request, please perform an electronic keyword search of all potential custodial accounts including any supervisor, manager, or other individual involved in Plaintiff's termination or in discussions about her potential termination, complaints about Plaintiff, and her lawsuit, or any issues concerning her employment. **The search should include but not be limited to your email box and accounts but also the email box and accounts of TJ Armstrong, Carl Carpenter, Trina Phillips, Justin White, Arcelia Jottie Tidwell, and any other employee involved in the decision to terminate Plaintiff.** Please produce all emails responsive to the search along with all threaded, forwarded, or related emails, and to the extent that new potential custodian are discovered within the search results, please search those accounts as well and provide responsive emails. Defendants should include in its search any personal cell phones or messaging accounts that were used for work related text messaging and the production should include screenshots.

8. Provide copies of all department policies, procedures, handbooks, or other internal documents (whether or not published to employees such as Plaintiff) that are relevant to the issues surrounding Plaintiff's termination, as well as retaliation, progressive discipline, Defendant's policies and standards, goals or expectations for employees in Plaintiff's position, and termination of employees.

9. Provide a copy of any and all communications of any kind, including memos, letters, emails, and other communications relating to Plaintiff's

employment with Defendant, including but not limited to, communications relating to Plaintiff's job assignments or any alleged disciplinary or performance issues regarding Plaintiff.

10. If you have ever been a party to any legal action or proceeding, either civil or criminal, provide documents showing: (a) The nature of the action or proceeding; (b) The time and place, including court and case numbers; (c) The identity of all parties involved in the matter; (d) The final outcome of the matter.

11. Produce copies of all notes, diaries, logs, journals, letters, email, text messages, calendars, Facebook postings, tweets, or other social media posts or messages that related or refer to the facts in Plaintiff's Complaint, and any facts or defenses raised in the Answer filed by Defendant.

12. If any administrative action, grievance, or complaint has ever been filed against you, please provide all documents relative to each administrative action, grievance, or complaint, including but not limited to documents showing the names of all involved parties; the nature of each action, grievance, or complaint; the agency or body with whom the action, grievance, or complaint was filed, and the dates (time frames if dates unknown) on which it was filed.

13. Provide a copy of all statements, whether written, typed (including provided in email), or verbal provided to the media by you concerning Karen Kelly, Tony Mitchell, Plaintiff's lawsuit, and any investigation into Karen Kelly or a video or videos of Tony Mitchell circulating on social media from January 2023 to the present, along with all previous draft versions of the statement.

14. Provide a copy of all social media postings on any social media site posted by any employee of the WCSO, including but not limited to Sheriff Nick Smith, TJ Armstrong, Carl Carpenter, Justin White, Trina Phillips, and Arcelia Jottie Tidwell, concerning Karen Kelly, Tony Mitchell, Plaintiff's lawsuit, and any investigation into Karen Kelly or Tony Mitchell from January 2023 to the present.

15. Provide all social media postings, including deleted postings, that you have made or "liked" relating to Plaintiff, her termination, or her lawsuit, from the date of her termination to the present date.

16. Provide a copy of all documents you reviewed or referenced in responding to the above interrogatories.

17. Provide a copy of all documents related to any complaint made against you at any law enforcement employment along with any documents related to the investigation of that complaint and the result of that investigation.

18. Provide a copy of all recordings including videos depicting Karen Kelly during her employment with Defendant that in any way relate to the decision to terminate her employment.

19. Provide a copy of all warrants, drafted, proposed or issued, related in any way to Plaintiff's cell phone, Sommer Bullard's cell phone, or the cell phone of any other WCSO or Jasper City Police officer from February 2023 to the present, along with all documents and communications related to the warrant.

20. Provide the personnel files of any employee who shared videos recorded from the WCSO cameras or who was accused of sharing such videos, along with any and all documents related to their employment, conduct, or performance, including but not limited to their applications, disciplines, write-ups, performance evaluations, work schedules, time records, records showing the dates and times they worked, electronically stored information relating to them, any audio and/or video recordings that relate to them, all documents related to any investigation concerning them and any and all other documents related to their employment, conduct, or performance.

21. For any employee who shared videos recorded from the WCSO cameras as Plaintiff did or who was accused of sharing such videos, provide all documents related to any investigation into the incident, including but not limited to the complete investigative file, all notes, interview transcripts, statements, photographs, videos, recordings, and all documents showing the outcome of the investigation and any disciplinary action, including termination, issued to the employee.

22. Provide a copy of any and all copies made from Plaintiff's phone from February 2023 to the present.

23. Provide copies of all documents you or your attorneys obtain as a result of subpoenas issued in this case (and Defendant is reminded of the obligation to provide timely notice _prior_ to the issuance of any subpoena so that the parties may work out any objections).

Respectfully Submitted,

*/s/ L. William Smith*
Jon C. Goldfarb
L. William Smith
Christina M. Malmat
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC
The Kress Building
30119th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been properly served via email to the following counsel of record:

Jamie Helen Kidd Frawley
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 7000 (36104)
Post Office Box 238
Montgomery, AL 36101-0238
(334) 262-1852 T

(334) 262-1889 F
*Attorney for Defendants*

on this 19th day of May, 2023.

/s/ L. William Smith
OF COUNSEL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

KAREN KELLY,             )
                               )
        Plaintiff,       )
                               )     **CIVIL ACTION NUMBER:**
v.                         )       **2:23-CV-00183-SGC**
                               )
SHERIFF NICK SMITH, ET AL.,  )
                               )
        Defendants.     )
                               )
                               )

## **Plaintiff's First Discovery Request to Defendant Armstrong**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff propounds these interrogatories and request for production of documents to Defendant and its officers, attorneys, agents, contractors, and employees, having any information or documents which are available to Defendant. These interrogatories and document requests are to be answered separately and severally by Defendant in the manner and form provided by law and rules of this Court.

Where facts set forth in answers, or portions thereof, are supplied upon information and belief, rather than upon personal knowledge, defendant should so state and specifically identify and describe the source or sources of such information and belief. Should defendant be unable to answer any interrogatory or admission or portion thereof by actual knowledge, or upon information and belief, it shall state in detail its efforts to obtain such knowledge as will enable it to answer said interrogatory or admission or portion thereof.

Answers to these interrogatories and document requests shall be responsive to the date on which the answers are filled and shall be continuing in character and required the filing of supplement answers if further or difference information on documents relative thereto becomes known before trial. Where knowledge or information of the defendant is requested, such request includes knowledge of its agents, contractors, representatives, and unless privileged, its attorneys.

# DEFINITIONS

A.    As used herein, the definitions for the term "document" means without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations; personal conversations, or meetings; agenda of meetings; notices; records; bids records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts' reports of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

B.    As used herein, the term "oral communications" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

C.    As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association of business entities.

D.    As used herein, the term "you" or "defendant" means the named defendant in this action and the officers, attorneys, agents and employees of such defendant having information available to the defendant within the meaning of Rule 33 (a).

E.    "Identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F.    "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 33 and 34 of the Federal Rules of Civil Procedure.  More particularly, the term "identify" when used with reference to a document includes:

a. date the document bears, or if none, under the date it was written;

b. name and address of each person who wrote it or participated in the writing of it;

c. name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

d. name and address of each person who received a copy of the document;

e. description of the document, as for instance, a letter or memorandum;

f. its present location or custodian of each copy, or if unknown, its last known location or custodian;

g. if any document is no longer in defendant's possession, or subject to defendant's control state what disposition was made of it, the reason for such deposition, the identity of the person currently having possession or control and the date that possession or control was relinquished by the defendant or any one of them.

When used with reference to an oral communication, "identify" includes:

a. persons participating in such oral communication;

b. date, manner (e.g., telephone) and place at which persons participated in or heard the oral communication were located;

c. a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

d. name of each person who was present, other than the participants;

e. substance of the oral communication.

G. As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

H.     "Personnel Information" shall include date or information which pertains to employees, applicants for employment, persons seeking employment, or former employees, and includes, but is not limited to, information on any individual or aggregate of individuals concerning applicant flow, residence, interviews, tests, evaluations, referrals from referral agencies, length of service, educational level, selection, job assignments, performance, training, qualifications, validation of tests, promotions, health, safety, vacancies, job applications, test results, marital status, race, sex, family status, recruitment, etc.

I.     As used herein, the term "he" or "she" is intended to refer to persons of both sexes regardless of which term is used.

J.     As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior, conduct or performance, including, but not limited to, the following actions: verbal warning, written warning, verbal reprimand, written reprimand, suspension, demotion, placement or probation, fine, etc.

K.     As used herein the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment with the defendant: layoff, discharge, quit, resignation, etc.

L.     As used herein, the term "employee" includes temporary employees hired through a temporary agency.

If you contend a protective order is necessary, please send it over immediately to prevent any delay on production.

**To the extent possible, please produce documents on disc in searchable .pdf form.**


## INTERROGATORIES

1. If you have ever been a party to any legal action or proceeding, either civil or criminal, please state: (a) The nature of the action or proceeding; (b) The time and place, including court and case numbers; (c) The identity of all parties involved in the matter; (d) The final outcome of the matter.

2. Please identify each and every meeting, conversation, or communication you (or anyone on your behalf) have had with anyone, other than your legal

counsel, regarding a video or videos of Tony Mitchell circulating on social media prior to the termination of Plaintiff's employment. Your response should include the following details as to each meeting, conversation, and/or communication: name of each individual participating in the communication, date (or time frame if specific date unknown), subject and/or content discussed, reason for communication, and whether you participated in the communication or someone did so on your behalf. If someone other than you participated in the communication, please provide the name address, and telephone number of the individual(s) and his/her relationship to you.

3. Please describe all actions that you or anyone reporting to you took, prior to the termination of Plaintiff's employment, to identify the source of a video or videos of Tony Mitchell circulating on social media prior to the termination of Plaintiff's employment. This would include identifying all warrants that were obtained and/or served, the officers involved in obtaining or serving those warrants, the subjects or targets of those warrants, and the magistrate or other official who signed such warrants.

4. Identify each and every social media account that you have by stating the social media platform (e.g. Twitter, Facebook, Instagram, Snapchat, TikTok, Parler, etc.) and providing the username, handle, or other identifier by which that account can be located online.

5. State your complete educational history including identifying all schools attended, all degrees obtained, and the dates of such attendance and such degrees.

6. State your complete employment history since age eighteen (18) by stating the name of the employer, address of the employer, the dates of employment, the identities of the person or persons who supervised you, your job title(s), ranks, and duties, and for each job, reason for termination or reason for leaving the position, and for any gaps in employment, state your activities during that time (e.g. school, looking for employment, illness, etc.).

7. Identify each and every disciplinary action or proposed disciplinary action brought against you in any enforcement employment by stating the name of all persons involved in the underlying circumstances, state the specific

allegations of the complaint, identify the agencies and/or individuals who investigated the complaint, and state the outcome of any such investigation.

8. Identify each and every statement or report in any form whatsoever, whether written, audio, video recorded, or other format regarding Plaintiff's termination, and provide the date of the statement, the author of the statement, and state the content of the statement.

9. Identify by stating the person's name, dates of employment, employment history, and contact information including address, telephone number, and email address for each and every person involved in the decisions to discipline Plaintiff and to terminate her employment, and state what involvement each person had in those decisions.

10. Identify by name, dates of employment, job title(s), employment history, and contact information including address, telephone number, and email address for all persons who performed Plaintiff's former duties at any time after her termination to the present, whether on a temporary or permanent basis, and state the date(s) each individual performed those duties.

11. State each and every one of Defendants' articulated reasons for terminating Plaintiff's employment and each and every fact supporting each of these reasons, including identifying each and every rule, policy, or standard that Defendant claims Plaintiff violated and state how Plaintiff violated that rule, policy, or standard.

12. Identify each manager or supervisor who supervised Plaintiff during her employment who had contact with Plaintiff or dealt with issues regarding Plaintiff during her employment by stating that person's name, job title, dates of employment, employment history, and the issues involved.

13. Identify by stating the individual's name, dates of employment, job title, job location, and contact information including address, telephone number, and email address for each and every employee from 01/01/2019 to the present who violated any rule, policy, or standard that Defendant claims Plaintiff violated or who had any other issue that Defendant contends contributed to Plaintiff's discipline or termination, and for each person so identified, state what this individual did or failed to do that violated the policy, rule, or standard in question, and what discipline, if any, the individual received.

14. Identify name, dates of employment, employment history, job title, work location, and contact information included address, telephone number, and email address each and every person who may have knowledge relevant to

Plaintiff's claims or Defendants' defenses, regardless of whether Defendant anticipates relying on this person as a witness in this case, and for each person so identified, state the knowledge that he or she may have.

15. Identify any written or oral statements, audio or video recordings, or online postings that are relevant to Plaintiff's claims or Defendant's defenses in this case, and for each such statement, recording, or posting, state the author of the statement or posting or the subject of the recording, state the substance of the statement, posting, or recording, and state whether the statement, posting, or recording (or a copy thereof) is in Defendant's possession, and if not, identify the custodian of the statement, posting, or recording.

## REQUESTS FOR PRODUCTION

1. Provide a copy of all documents you reviewed or referenced in responding to the above interrogatories.

2. Provide copies of all emails, text, or app messages, voice messages, direct messages on Facebook or any other platform or app, and all other records of communications (including phone records) relevant to the issue of a video or videos of Tony Mitchell circulating on social media prior to Plaintiff's termination, along with all messages relevant to Defendants' actions to determine the source of those videos, along with all texts, emails, or other messages on any platform whatsoever exchanged with anyone who was involved in the events of Plaintiff's termination from February 1st, 2023, to the present.

3. Provide all documents and files relevant to your employment as a law enforcement officer with any agency whether designated as a "personnel file" or other designation, including your complete personnel documents, all internal affairs documents and files, all investigatory documents and files, all documents relating to any complaints, all documents relating to any discipline or proposed discipline, and all other documents and files relevant to your employment, conduct, or performance.

4. Produce all documents relating to your education, your law enforcement training including but not limited to DACOTA training and use of force training, and your professional experience, including copies of all diplomas or certificates you have received and copies of all transcripts from educational institutions or professional training.

5. Provide all documents relevant to each and every reason(s) for terminating Plaintiff's employment.

6. Provide copies of all statements, video or audio recordings, or online postings in Defendants' possession or in possession of any current employee of Defendant that are relevant to Plaintiff's claims or defendants' defenses in this case.

7. Provide copies of all emails, text or app messages, instant messages, voice messages, direct messages on Facebook or any other platform or app, all other recorded communications (including phone records), or any other communications relevant to Plaintiff or her claims or Defendants' defenses in this case, including all messages relevant to the issue of a video or videos of Tony Mitchell circulating on social media prior to Plaintiff's termination, along with all messages relevant to Defendants' actions to determine the source of those videos, all messages regarding Plaintiff's termination or potential termination, and all messages regarding Plaintiff or her lawsuit. In responding to this request, please perform an electronic keyword search of all potential custodial accounts including any supervisor, manager, or other individual involved in Plaintiff's termination or in discussions about her potential termination, complaints about Plaintiff, and her lawsuit, or any issues concerning her employment. **The search should include but not be limited to your email box and accounts but also the email box and accounts of TJ Armstrong, Carl Carpenter, Trina Phillips, Justin White, Arcelia Jottie Tidwell, and any other employee involved in the decision to terminate Plaintiff.** Please produce all emails responsive to the search along with all threaded, forwarded, or related emails, and to the extent that new potential custodian are discovered within the search results, please search those accounts as well and provide responsive emails. <u>Defendants should include in its search any personal cell phones or messaging accounts that were used for work related text messaging and the production should include screenshots.</u>

8. Provide copies of all department policies, procedures, handbooks, or other internal documents (whether or not published to employees such as Plaintiff) that are relevant to the issues surrounding Plaintiff's termination, as well as retaliation, progressive discipline, Defendant's policies and standards, goals or expectations for employees in Plaintiff's position, and termination of employees.

9. Provide a copy of any and all communications of any kind, including memos, letters, emails, and other communications relating to Plaintiff's

employment with Defendant, including but not limited to, communications relating to Plaintiff's job assignments or any alleged disciplinary or performance issues regarding Plaintiff.

10. If you have ever been a party to any legal action or proceeding, either civil or criminal, provide documents showing: (a) The nature of the action or proceeding; (b) The time and place, including court and case numbers; (c) The identity of all parties involved in the matter; (d) The final outcome of the matter.

11. Produce copies of all notes, diaries, logs, journals, letters, email, text messages, calendars, Facebook postings, tweets, or other social media posts or messages that related or refer to the facts in Plaintiff's Complaint, and any facts or defenses raised in the Answer filed by Defendant.

12. If any administrative action, grievance, or complaint has ever been filed against you, please provide all documents relative to each administrative action, grievance, or complaint, including but not limited to documents showing the names of all involved parties; the nature of each action, grievance, or complaint; the agency or body with whom the action, grievance, or complaint was filed, and the dates (time frames if dates unknown) on which it was filed.

13. Provide a copy of all statements, whether written, typed (including provided in email), or verbal provided to the media by you concerning Karen Kelly, Tony Mitchell, Plaintiff's lawsuit, and any investigation into Karen Kelly or a video or videos of Tony Mitchell circulating on social media from January 2023 to the present, along with all previous draft versions of the statement.

14. Provide a copy of all social media postings on any social media site posted by any employee of the WCSO, including but not limited to Sheriff Nick Smith, TJ Armstrong, Carl Carpenter, Justin White, Trina Phillips, and Arcelia Jottie Tidwell, concerning Karen Kelly, Tony Mitchell, Plaintiff's lawsuit, and any investigation into Karen Kelly or Tony Mitchell from January 2023 to the present.

15. Provide all social media postings, including deleted postings, that you have made or "liked" relating to Plaintiff, her termination, or her lawsuit, from the date of her termination to the present date.

16. Provide a copy of all documents you reviewed or referenced in responding to the above interrogatories.

17. Provide a copy of all documents related to any complaint made against you at any law enforcement employment along with any documents related to the investigation of that complaint and the result of that investigation.

18. Provide a copy of all recordings including videos depicting Karen Kelly during her employment with Defendant that in any way relate to the decision to terminate her employment.

19. Provide a copy of all warrants, drafted, proposed or issued, related in any way to Plaintiff's cell phone, Sommer Bullard's cell phone, or the cell phone of any other WCSO or Jasper City Police officer from February 2023 to the present, along with all documents and communications related to the warrant.

20. Provide the personnel files of any employee who shared videos recorded from the WCSO cameras or who was accused of sharing such videos, along with any and all documents related to their employment, conduct, or performance, including but not limited to their applications, disciplines, write-ups, performance evaluations, work schedules, time records, records showing the dates and times they worked, electronically stored information relating to them, any audio and/or video recordings that relate to them, all documents related to any investigation concerning them and any and all other documents related to their employment, conduct, or performance.

21. For any employee who shared videos recorded from the WCSO cameras as Plaintiff did or who was accused of sharing such videos, provide all documents related to any investigation into the incident, including but not limited to the complete investigative file, all notes, interview transcripts, statements, photographs, videos, recordings, and all documents showing the outcome of the investigation and any disciplinary action, including termination, issued to the employee.

22. Provide a copy of any and all copies made from Plaintiff's phone from February 2023 to the present.

23. Provide copies of all documents you or your attorneys obtain as a result of subpoenas issued in this case (and Defendant is reminded of the obligation to provide timely notice prior to the issuance of any subpoena so that the parties may work out any objections).

Respectfully Submitted,

*/s/ L. William Smith*
Jon C. Goldfarb
L. William Smith
Christina M. Malmat
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC
The Kress Building
30119th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been properly served via email to the following counsel of record:

Jamie Helen Kidd Frawley
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 7000 (36104)
Post Office Box 238
Montgomery, AL 36101-0238
(334) 262-1852 T

(334) 262-1889 F
*Attorney for Defendants*

on this 19th day of May, 2023.

/s/ L. William Smith
OF COUNSEL